MEYERS et al. v. BLUM.

(Supreme Court, Appellate Term.    June 30, 1908.)

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Meyers and another against Charles Blum. From an order setting aside a verdict for plaintiffs, and directing a new trial, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Louis A. Brown, for appellants.

Leventritt, Cook & Nathan, for respondent.

PER CURIAM. Order affirmed, with costs.

GILDERSLEEVE, P. J., and SEABURY, J., concur.

MacLEAN, J. (concurring). The defendant having interposed the statute of frauds as his defense to the complaint of the plaintiffs for goods sold and delivered, and having moved for a dismissal at the close of the plaintiffs' case and at the close of the whole case, his motion should have been granted, as the case was barren of evidence of any compliance with the provisions of the statute of frauds. That the chauffeur of the defendant was an agent empowered to bind the defendant to the sale in controversy might possibly be inferred from one prior purchase by him of rubber tires for the defendant and payment by the latter therefor; but it may not be inferred therefrom that such agent was authorized to appoint another as the representative of his principal to receive and accept goods purchased by himself, so as to satisfy the statute. There being no other evidence of receipt and acceptance, or of part payment, and manifestly insufficient evidence of writing or memorandum to meet the requirements of the statute, the cause should have been dismissed.

The order setting aside the verdict in favor of plaintiffs, and directing a new trial, should be modified by directing a dismissal of the complaint, instead of a new trial.